UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALICIA NICOLE CARGILL,

    Plaintiff,

v.

MONROE COUNTY JAIL, et al.,

    Defendants.

Case No. 24-11659

Honorable Robert J. White

## ORDER SUMMARILY DISMISSING CASE

This is a 42 U.S.C. § 1983 prisoner civil rights case. Michigan prisoner Alicia Nicole Cargill filed a complaint against Defendants Monroe County Jail, Monroe County Sheriff Tilman L. Crutchfield, Monroe County Deputy John Doe, Corrections Officer/Sergeant J. Massengill, Corrections Officer Boomer, Monroe Detective Division, Monroe County Jail Medical Staff, and Monroe County Prosecutor William P. Nichols for alleged violations of her constitutional rights related to a sexual assault that occurred at the Monroe County Jail in 2006. (ECF No. 1.) In a recently filed motion to amend, Plaintiff seeks to sue the jail Defendants in their individual capacities. (ECF No. 7.) Plaintiff also moves this Court to appoint counsel. (ECF No. 3.) This Court previously granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 4.)

For the reasons stated below, the Court will grant Plaintiff's motion to amend, dismiss the complaint as time barred by the statute of limitations and for failure to state a claim, *see* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and deny Plaintiff's motion to appoint counsel as moot.

## I.     Background

Plaintiff is presently incarcerated at the Huron Valley Complex in Ypsilanti, Michigan. Plaintiff alleges that she was sexually assaulted by a fellow inmate during her incarceration at the Monroe County Jail between January 2006 and April 2006. She was sixteen at the time. She claims that the jail Defendants failed to protect her against the assault. She further claims that in 2017, she filed a report with the Monroe Detective Division, but no action was taken. Plaintiff sues Defendants for violations of her Eighth and Fourth Amendment rights and proceeds under the Prison Rape Elimination Act. She seeks $5,000,000.00 in monetary damages.

## II.    Legal Standards

The Court has granted Plaintiff leave to proceed without prepayment of the filing fee for this action under 28 U.S.C. § 1915(a)(1). (ECF No. 4.) Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to sua sponte dismiss an *in forma pauperis* complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

2

seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nevertheless, while a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

3

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### III. Analysis

First, it is apparent from the face of the complaint that Plaintiff's failure-to-protect claims are barred by the three-year statute of limitations period applicable to § 1983 cases. The Court has discretion to raise the statute of limitations issue sua sponte in screening a civil rights complaint. *See Norman v. Granson*, No. 18-4232, 2020 WL 3240900, *2 (6th Cir. March 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, *sua sponte* dismissal is appropriate."); *Scruggs v. Jones*, 86 F. App'x 916, 917 (6th Cir. 2004) (affirming district court's *sua sponte* dismissal of civil rights complaint on statute of limitations grounds); *Watson v. Wayne Co.*, 90 F. App'x 814, 815 (6th Cir. 2004) (court may *sua sponte* raise the statute of limitations issue when the defense is apparent on the face of the pleadings).

State statutes of limitations and tolling principles apply to determine the timeliness of claims raised in lawsuits brought pursuant to 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268 69 (1985). Section 1983 civil rights actions

4

are governed by the state statute of limitations for personal injury actions. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). For such actions in Michigan, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *see also Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam). In actions involving sexual harassment and assault claims, courts have held that a claim accrues at the time the alleged harassment and assault occurred. *See, e.g., Forrester v. Clarenceville Sch. Dist.*, 537 F. Supp. 3d 944, 953 (E.D. Mich. 2021). Furthermore, because § 1983 claims must "borrow [a state's] general or residual statute [of limitations] for personal injury actions," *Owens v. Okure*, 488 U.S. 235, 250 (1989), Michigan's special statutes of limitations for criminal sexual assault, Mich. Comp. Laws §§ 600.5805(6), 600.5851b, do not apply to § 1983 claims.

Indeed, although the Sixth Circuit has not specifically addressed state statutes of limitations for claims involving sexual abuse, numerous other circuits have held, in line with Supreme Court precedent, that only general or residual state statutes of limitations apply to federal civil rights claims. *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015) ("Plaintiffs' argument that [a] specific limitations period for sexual assault claims should apply over [a] general two-year period . . . is foreclosed by *Wilson* and *Owens*."); *Woods v. Ill. Dept. of Children and Fam. Servs.*, 710 F.3d 762, 768 (7th Cir. 2013) ("[T]he limitations period applicable to all § 1983 claims brought in Illinois is two years[,]

5

. . . and this includes § 1983 claims involving allegations of failure to protect from childhood sexual abuse."); *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579-80 (9th Cir. 2012) (refusing to apply Oregon's child abuse statute of limitations in a § 1983 claim in favor of Oregon's residual two-year statute of limitations); *Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993) (declining to apply a child sexual assault statute of limitations to a federal civil rights claim).

In this case, Plaintiff's claims accrued, at the latest, in April 2006 when the sexual assault allegedly occurred. Although Plaintiff's claims involve sexual abuse when she was a minor, only the general statute of limitations, which is three years for personal injury actions, *see* Mich. Comp. Laws § 600.5805(2), applies here. Plaintiff's complaint is signed and dated June 19, 2024, far more than three years after she claims Defendants failed to protect against the sexual assault. Plaintiff's complaint is therefore time barred unless the statute of limitations period was tolled.

For § 1983 claims, the relevant state's tolling rules are applied "as long as they are not inconsistent with federal law or policy." *Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017) (internal quotation marks and citation omitted); *see also Hardin v. Straub*, 490 U.S. 536, 539 (1989) ("Limitations periods in § 1983 suits are to be determined by reference to the appropriate 'state statute of limitations and the coordinate tolling rules.' ") (quoting *Bd. of Regents of Univ. of*

6

*State of N.Y. v. Tomanio*, 446 U.S. 478, 484 (1980)). "In Michigan, equitable tolling does not exist except as provided by statute." *Citizens Bank v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, No. 11-CV-14502, 2012 WL 5828623, *8 n. 4 (E.D. Mich. July 6, 2012); *see also Weathers v. Holland Police Dep't*, No. 1:13CV1349, 2015 WL 357058, *5 (W.D. Mich. Jan. 27, 2015) (agreeing that Michigan does not recognize common law equitable tolling and stating that "[i]n applying Michigan law, [a] plaintiff's claim for equitable tolling of the three-year statute of limitations for a § 1983 claim must be based upon a statutory right to tolling").

Plaintiff does not allege that statutory or equitable tolling applies to her case. Indeed, Plaintiff's complaint is devoid of any facts supporting tolling the limitations period.[1] And even if the Court interpreted Michigan's special statutes of limitations for criminal sexual assault, Mich. Comp. Laws §§ 600.5805(6), 600.5851b, as tolling provisions, Plaintiff's claims still fail.

Mich. Comp. Laws § 600.5805(6) provides that "[t]he period of limitations is 10 years for an action to recover damages sustained because of criminal sexual conduct." Under this statute, Plaintiff's claims would have expired in April 2016, 10 years after they accrued. Thus, even with the extended limitations period,

---

[1] To the extent that Plaintiff alleges mental health injuries, i.e., trauma and post-traumatic stress disorder, she does not claim that these injuries prevented her from timely filing her complaint. (ECF No. 1, PageID.10.)

7

Plaintiff's claims are still time barred.

For similar reasons, Plaintiff's claims are time barred under Mich. Comp. Laws § 600.5851b, which states:

> (1) Notwithstanding sections 5805 and 5851, an individual who, while a minor, is the victim of criminal sexual conduct may commence an action to recover damages sustained because of the criminal sexual conduct at any time before whichever of the following is later:
> (a) The individual reaches the age of 28 years.
> (b) Three years after the date the individual discovers, or through the exercise of reasonable diligence should have discovered, both the individual's injury and the causal relationship between the injury and the criminal sexual conduct.

Mich. Comp. Laws § 600.5851b.

Under Mich. Comp. Laws § 600.5851b(1)(a), Plaintiff would have been able to pursue her claims until she reached the age of 28. According to her offender profile, Plaintiff is 35 years old. *See* Michigan Department of Corrections Offender Tracking Information System, Offender Profile, https://perma.cc/99WU-9BNJ. Accordingly, to be timely, Plaintiff needed to file this case in 2017.

Because Plaintiff's complaint presents no other reasons why equitable tolling should apply, and for the reasons discussed above, the Court concludes that Plaintiff's failure-to-protect claims are time barred.

Second, to the extent Plaintiff claims that local officials in the Monroe County Detective Division, police department, and prosecutor's office failed to

8

investigate or prosecute, such claims are also time-barred and fail to state a claim. Plaintiff alleges that she filed a report with the Monroe County Detective Division in 2017, but no action was taken. Plaintiff's complaint comes seven years after she reported the assault, and beyond the three-year limitations period. Even if these claims were not time-barred, Plaintiff fails to state a claim upon which relief may be granted. Individuals have no constitutional, statutory, or common-law right to compel a public official to investigate or prosecute a crime, nor can a private citizen bring a civil action in federal court to initiate a criminal prosecution. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986); *Martin v. Koljonen*, 89 F. App'x 567, 568 (6th Cir. 2004); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002).

For these reasons, the Court dismisses the complaint with prejudice.

\* \* \* \*

Accordingly, the Court **ORDERS** that Plaintiff's motion to amend (ECF No. 7) is granted.

It is further **ORDERED** that the complaint is summarily dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

It is further **ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 3) is denied as moot.

It is further **ORDERED** that Plaintiff may not file an appeal *in forma pauperis*, because it would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).


Dated: 10/3/2024                                             s/Robert J. White
                                                                                   Robert J. White
                                                                                   United States District Judge